ALFRED FINN, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 152, 2009
Supreme Court of Delaware.
Submitted: May 13, 2009
Decided: June 3, 2009
Before HOLLAND, BERGER, and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice
This 3rd day of June 2009, it appears to the Court that:
(1) On March 23, 2009, the Court received Alfred Finn's notice of appeal from a Superior Court sentencing order entered on January 30, 2009. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before March 1, 2009.
(2) The Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing Finn to show cause why the appeal should not be dismissed as untimely filed.[1] Finn filed a response to the notice to show cause on April 6, 2009 asserting that his trial counsel never informed him of his right to appeal. The Court directed trial counsel to file a response. Trial counsel's response indicates that, while he remembers discussing appeal rights with Finn's family members, he does not recall specifically discussing the right to appeal with Finn. The State has filed a reply to both Finn and his trial counsel. The State suggests that, under the circumstances, this matter be remanded to the Superior Court for re-imposition of sentence in order to reset the clock on Finn's time to appeal. Finn objects to this procedure as unnecessary and because he believes it exposes him to a potential risk of an increased sentence.
(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[4] Trial counsel is not "court-related personnel." Accordingly, the Court cannot, as Finn requests, simply discharge the notice of appeal and excuse his untimely filing.
(4) We agree with the State that the proper course of action is to remand this matter to the Superior Court with directions to resentence Finn to permit him the opportunity to file a timely appeal. Resentencing shall take place upon notice to the parties as soon as practicable but no later than 30 days from the date of this order.
NOW, THEREFORE, IT IS HEREBY ORDERED that the within matter is REMANDED to the Superior Court for further action in accordance with this order. Jurisdiction is not retained.
NOTES
[1] Del. Supr. Ct. R. 6(a)(ii).
[2] Carr v. State, 554 A.2d 778, 779 (Del.), cert. denied, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] Bey v. State, 402 A.2d 362, 363 (Del. 1979).